113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack W. GREENING, Sr., d/b/a Rolling Ridge Ranch; Jack W.
Greening, Jr.; Victoria C. Raye-Greening,
Plaintiffs-Appellees,
v.
STRATTON OAKMONT, INC.; Daniel Porush, Defendants-Appellants.
 No. 96-15370.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 18, 1997.*
Decided April 30, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-95-04288-SI; Susan Yvonne Illston, District Judge, Presiding.
 
 
 2
 N.D.Cal.,
 
 
 3
 AFFIRMED IN PART.
 
 
 4
 Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and REA,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Stratton Oakmont, Inc. and Daniel Porush, president, chief executive officer, majority owner, and control person of Stratton Oakmont, appeal the district court's confirmation of an arbitrator's award of compensatory and punitive damages in favor of Jack W. Greening, Sr., Jack W. Greening, Jr., and Victoria C. Raye-Greening (collectively "Greening"). The arbitration proceeding, conducted pursuant to the rules of the National Association of Securities Dealers, of which Stratton Oakmont is a member, led to an award of $167,910 in compensatory damages and $50,000 in punitive damages to Greening. We affirm as to Porush.[1]
 
 A. Punitive Damages
 
 7
 New York's prohibition on the award of punitive damages by an arbitrator does not apply to cases governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-307, even when the contract calls for application of New York law. See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, ----, 115 S.Ct. 1212, 1216-19, 131 L.Ed.2d 76 (1995); Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1061-62 (9th Cir.1991).
 
 
 8
 The award of punitive damages did not violate Porush's due process rights. Stratton Oakmont consented to arbitration by including a mandatory arbitration provision in its contract with Greening, and Porush agreed with that when he himself submitted to arbitration. Indeed, Stratton Oakmont, with Porush's approval, compelled Greening to arbitrate the claims; the arbitration requirement was not imposed upon Stratton Oakmont or Porush. By consenting to, and even compelling, arbitration, Porush gave up any right he might otherwise have had to challenge the lack of judicial review of an arbitration award. See Todd Shipyards, 943 F.2d at 1063-64; see also Mastrobuono, 514 U.S. at ----, 115 S.Ct. at 1215. We do not mean to suggest that due process problems would exist were punitive damages awarded in an arbitration which truly was compelled by a state actor. We offer no opinion on that subject.
 
 
 9
 Greening's attorney at the arbitration did not withdraw the claim for punitive damages during her closing statement. Rather, she expressed a preference that any recovery be styled as compensatory rather than punitive. That, she thought, might avoid further litigation. Moreover, we construe any ambiguity in her statement in favor of confirmation of the arbitral award. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). The arbitrators did not exceed their authority when they awarded punitive damages to Greening.
 
 B. Compensatory Damages
 
 10
 We will not overturn an arbitrator's calculation of damages, even if mistaken, so long as it is not "completely irrational." French v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 784 F.2d 902, 906 (9th Cir.1986) (quotation omitted). Based on the evidence in this case, the arbitrator's calculation of damages was not completely irrational.
 
 
 11
 AFFIRMED as to Porush and the mandate as to him shall issue immediately upon the filing of this disposition. Submission DEFERRED as to Stratton Oakmont, Inc. The remaining parties shall inform the court about the status of the Stratton Oakmont bankruptcy proceeding on or before June 30, 1997, and every two months thereafter.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a). We submit as to Porush only and defer submission as to Stratton Oakmont, Inc
 
 
 **
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This disposition adjudicates only the appeal of Porush. Any action with respect to Stratton Oakmont was automatically stayed as a result of its bankruptcy. See 11 U.S.C. § 362(a); Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1426-27 (9th Cir.1987). The automatic stay does not bar the action from proceeding against Porush. See, e.g., Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.), 23 F.3d 241, 246 (9th Cir.1994); United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491-93 (9th Cir.1993); Ingersoll-Rand, 817 F.2d at 1427